United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10191
_____

MICHAEL AUSTIN,

Plaintiff-Appellee,

versus

DALLAS COUNTY, ET AL.,

Defendants,

KATHRYN FLANGIN, M.D.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-0308-H

_____

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Austin ("Austin") alleges that Kathryn Flangin, M.D. ("Dr. Flangin"), a physician for the North Tower of the Dallas County Jail, denied Austin medical care during his incarceration in violation of his Eighth Amendment right against cruel and unusual punishment.  Dr. Flangin has filed an interlocutory appeal to assert the defense of qualified immunity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806 (1985), permits immunity appeals under the collateral order doctrine, the Supreme Court held in Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151 (1995), that defendants may urge only legal issues on such appeals. See Kinney v. Weaver, 367 F.3d 337 (5th Cir. 2004) (en banc). In other words, this court has jurisdiction to review the purely legal question whether a given course of conduct would be objectively unreasonable in light of clearly established law. This court does not have jurisdiction to hear an interlocutory appeal reviewing the district court's assessments regarding the sufficiency of the evidence – that is, the question whether there is enough evidence in the record for a jury to conclude that certain facts are true. Id. at 347-48.

This appeal does not present any distinctly legal issue or seek protection from the uncertainty of evolving legal norms, the genesis of the doctrine of qualified immunity. Although she casts her argument as a legal one (stating that "[n]o evidence established a response or conduct by Dr. Flangin herself that could be characterized, as a matter of law, as deliberately indifferent"), a reading of Dr. Flangin's brief shows that she is denying that she committed the acts of which she is accused by Austin. Dr. Flangin disputes the sufficiency of Austin's evidence on several different points:

1. Need for surgery. The district court found that Austin presented competent evidence to support the conclusion that

2

Dr. Flangin knew about Austin's need for the treatment of his injured hand as of February 9, 2001 (when she reviewed Austin's medical chart), and that Dr. Flangin knowingly permitted this ongoing medical need to go unaddressed. Austin v. Dallas County, 2004 WL 258218, at *3 (N.D. Tex.) In her brief, Dr. Flangin claims that the evidence shows she did not have knowledge of Austin's need for medical attention until she reviewed Austin's "kite" (medical request form) on February 26, 2001, and that the kite did not give her reason to believe Austin needed immediate attention.

2. Responsibility for dispensing pain medication. The district court found that Austin presented competent evidence showing that Dr. Flangin had a role in failing to provide Austin with pain medication for days at a time following Austin's April 2001 amputations at the Parkland Memorial Hospital Hand Clinic. Id. Dr. Flangin disputes this, claiming that the evidence shows Austin was under the care of the Parkland physicians following surgery, and that she was not responsible for providing Austin with medication.

3. Responsibility for providing occupational therapy. According to the district court, Austin presented enough evidence to support the conclusion that Dr. Flangin caused or contributed to a delay of nearly four months in providing Austin with the prescribed occupational therapy. Id. Dr. Flangin disputes the district court's finding, asserting instead that Austin was under the care of the Parkland physicians, and that Austin's failure to

3

receive the proscribed occupational therapy was not due to any fault of hers.

In her brief, Dr. Flangin does not deny the <u>legal conclusion</u> that she lacks immunity if, as Austin contends, she possessed actual knowledge of Austin's medical needs beginning February 9, 2001, and was responsible for providing Austin with pain medication and occupational therapy.[1]  Instead, she disputes the district court's <u>factual conclusions</u> that the summary judgment record raised a genuine issue of fact concerning these aspects of Flangin's knowledge and role in Austin's treatment.  This court lacks jurisdiction over an interlocutory appeal of this portion of the district court's summary judgment order.

The appeal is **DISMISSED**.

---

[1]  Because Dr. Flangin does not make this purely legal argument that the conduct Austin alleges is legally insufficient to rise to the level of a constitutional violation, we pass no judgment on this issue.

4